The Honorable Claud V. Cash State Representative 13477 Highway 463 North Trumann, Arkansas 72472
Dear Representative Cash:
This opinion is being issued in response to your recent questions regarding school board meetings. You have presented three questions, which have been restated as follows:
 (1) Is it legal for a school board to decline to address a patron's complaint about a teacher or other school employee at a public meeting, but rather to require that the complaint be presented to the board in writing, and that it be reviewed in an executive session of the board, in the presence of the teacher or employee to whom the complaint is directed?
 (2) Is it legal for a school board to address matters relating to a student in a public meeting without the permission of the student's parents?
 (3) Is it legal for a parent to attend an executive session of the school board, for the purpose of presenting a complaint about a school employee?
RESPONSE
Question 1 — Is it legal for a school board to decline to address apatron's complaint about a teacher or other school employee at a publicmeeting, but rather to require that the complaint be presented to theboard in writing, and that it be reviewed in an executive session of theboard, in the presence of the teacher or employee to whom the complaintis directed?
It is my opinion that the described policy for addressing complaints about teachers and employees is legal.
The Arkansas courts have long recognized the broad discretion that has been granted to school boards in the matter of directing the operation of the district, and have been reluctant to interfere with the exercise of that discretion in the absence of a clear abuse. See Safferstone v.Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962); A.C.A. § 6-13-620(13). For this reason, state law does not address the particular manner in which school boards conduct their meetings, except to the extent that freedom of information concerns are implicated.
The manner in which a school board conducts its meetings is subject to the requirements of the Freedom of Information Act (A.C.A. § 25-19-101
through -107). That Act requires generally that the meetings of bodies to whom the Act is applicable be held in public. Nevertheless, the Act does allow for "executive sessions" to be held for the purpose of addressing personnel matters. A.C.A. § 25-19-106(c)(1). Such sessions may be attended only by the board members, the person holding the agency's top administrative position, the employee who is involved, and the immediate supervisor of the employee who is involved. A.C.A. § 25-19-106(c)(2)(A).
Although boards are not required to address personnel matters in executive sessions, they are clearly given the option to do so. See
WATKINS, Arkansas Freedom of Information Act, 2d Ed., 1994, p. 240.[1]
For this reason, I must conclude that a policy under which the board requires that complaints about employees be presented in writing and considered during executive session is permissible.
Question 2 — Is it legal for a school board to address matters relatingto a student in a public meeting without the permission of the student'sparents?
The answer to Question 2 will depend upon the subject matter to be discussed.
Arkansas law specifically provides that if the subject of the discussion relating to the student is an appeal of the student's suspension from school, the discussion must be held in an executive session of the school board, if the student's parent or guardian requests an executive session. A.C.A. § 6-18-507(c).
Because the law makes no provision for the discussion of any other student-related matters in executive sessions, I must conclude generally that if the discussion does not involve the student's suspension, it may be conducted at a public meeting of the board.[2]
Question 3 — Is it legal for a parent to attend an executive session ofthe school board, for the purpose of presenting a complaint about aschool employee?
It is my opinion that, except for executive sessions held for the purpose of discussing a student's suspension,[3] it is not legal for a parent to attend an executive session of the school board. The Freedom of Information Act specifies the individuals who may attend an executive session. Those individuals are: The board members, the person holding the agency's top administrative position, the employee who is involved, and the immediate supervisor of the employee who is involved. A.C.A. §25-19-106(c)(2)(A). The Arkansas Supreme Court has interpreted this provision narrowly and literally. See Arkansas State Police Comm'n v.Davidson, 253 Ark. 1090, 490 S.W.2d 788 (1973). This office has done likewise. See Ops. Att'y Gen. No. 88-082.
I must therefore conclude that a parent may not attend an executive session of the school board, unless it is a session held for the purpose of discussing the student's suspension.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] It might be noted that meetings held in executive session must comply with certain procedural rules. For example, public notice must be given; the purpose of the executive session must be announced publicly; only a member of the governing body may make a motion to go into executive session; the body need not publicly announce the name of the employee to be discussed prior to the session; any action taken by the board during an executive session will not be effective unless it publicly ratified; if action is taken regarding a personnel matter, the name of the affected employee must be announced at the time of ratification; the public has the right to know the vote of each board member. WATKINS, Arkansas Freedom of Information Act, 2d Ed., 1994, p. 239.
[2] Professor John Watkins has suggested that the developing constitutional right of privacy could operate to prohibit the discussion of constitutionally-protected privacy matters in public. See WATKINS, Arkansas Freedom of Information Act, 2d Ed. 1994, ch. 4, n. 89. Professor Watkins notes, however, that "the right is not absolute, and must at times give way to societal interests in disclosure." Id. The Arkansas Supreme Court has recognized that the consitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v.City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy interest applies to matters that (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. (As always, the person claiming the right will have the burden of establishing it.) The McCambridge
holding applied to the release of documents, and has not been applied in a published decision to a context involving a public meeting.
[3] The law makes no explicit provision allowing parents to attend executive sessions held for the purpose of discussing a student's suspension. The parents' right to attend such an executive session, however, would appear to arise implicitly out of their explicit right to request the executive session.